IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL D. RIX, )
)
        Plaintiff, )
)
v. )
) Case No. 10-1224-CM
)
TERRY MCCLURE, in his official )
capacity as administrator of )
Cowley County Department of Corrections, )
and GREG POWERS, )
)
)
        Defendants. )
)

**MEMORANDUM AND ORDER**

Plaintiff brings this action, proceeding *pro se* and *in forma pauperis*, alleging violations of 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") against Terry McClure, in his official capacity as administrator of Cowley County Department of Corrections, and Greg Powers. The court previously dismissed the ADA claim against Greg Powers (Doc. 64). Defendant Powers now seeks dismissal of plaintiff's § 1983 claims against him (Doc. 66). For the following reasons, the court grants defendant Powers's motion.

I.     **Factual Background[1]**

Plaintiff was incarcerated at the Cowley County Jail ("Jail") in May 2009. Plaintiff, a diabetic, has multiple medical problems, "including heart damage, Bi-lateral (sic) neurophysiology as well as myopathy." (Doc. 9, at 2.) Plaintiff also uses leg braces and a cane. The Jail staff was aware of

---

[1] A full recitation of plaintiff's allegations can be found in the court's January 19, 2011 Memorandum and Order (Doc. 64). Instead of reiterating those allegations here, the court has included only the allegations relevant to defendant Power's pending motion.

-1-

plaintiff's serious medical issues prior to plaintiff's incarceration. On multiple occasions, plaintiff did not receive his medication. At some point during plaintiff's incarceration, his primary care physician insisted he receive "all medication that was not provided to plaintiff due to facility policy." (*Id*., at 3.) Several times throughout his incarceration, plaintiff's blood sugar became dangerously high. When medical staff was unavailable, the security staff assisted him.

On May 13, plaintiff's blood sugar level was 519. Medical staff was unavailable to assist plaintiff, and the on-call medical personnel failed to respond to pages and calls. Later that morning, plaintiff was transported to the hospital. At the hospital, plaintiff was treated for Ketoacidosis—"a condition created when appropriate insulin doses are not administered properly." (*Id*., at 3.) Several of the medical technicians informed plaintiff that they were unfamiliar with the use of Lantus. "After plaintiff's return to the Jail, Nurse Powers informed the plaintiff that things would get better." (*Id*., at 3.)

On May 14, according to plaintiff, a medical technician combined "a lethal combination of Humolog Regular Insulin and Lantus Insulin." (*Id*., at 3.) This "combination causes coma and death and is fully explained in the written material that accompanies the [L]antus Insulin and is also clearly marked on the box." (*Id*., at 3.)

On May 15, a day on which plaintiff did not receive his medications, "plaintiff was informed that there would be no nursing staff [because] Nurse Powers was across the street smoking meat for the Sheriff's Department cook out [sic]." (*Id*., at 3.) At approximately one o'clock, plaintiff became ill from a lack of insulin. The security staff tested his blood sugar level, which tested at 368. In response to several calls, Nurse Powers sent his wife, Kristie Powers, to treat plaintiff. Ms. Powers is not an employee of the Jail. Ms. Powers was unable to review plaintiff's chart to apply the appropriate medical care and did not examine plaintiff.

During plaintiff's incarceration, Nurse Powers told plaintiff that because of plaintiff's complaints of medical problems with the Jail, "the defendant" contacted the court to have plaintiff's sentence modified to remove him from the Jail because the Jail could not appropriately care for plaintiff. (*Id.*, at 4.) The request was granted, and plaintiff was required to pay for home confinement, which caused plaintiff financial hardship.

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [his] claims across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

Because plaintiff is proceeding *pro se*, the court construes his pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). Liberal construction does not, however, "'relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation omitted). The court need not accept as true those allegations that state only legal conclusions. *See id*.

**III.    Discussion**

To sustain a cause of action based on 42 U.S.C. § 1983, a plaintiff must establish two elements: (1) that he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) that the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Baker v. McCollan*, 443 U.S. 137, 140 (1979) (finding a necessary inquiry in any § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (holding that individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation); *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (holding that personal participation is an essential allegation in a § 1983 action). A defendant cannot be liable under § 1983 unless he or she directly and personally participated in the alleged deprivation of the plaintiff's constitutional rights. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

Plaintiff alleges that defendant Powers provided inadequate medical care. Plaintiff's complaint alleges several ailments: (1) his blood pressure was dangerously high on multiple occasions; (2) he was taken to the hospital and treated for Ketoacidosis on May 13; and (3) he was ill from lack of insulin on

May 15.² Based on plaintiff's allegations, these ailments were due to (1) plaintiff not receiving his medication, (2) plaintiff receiving it untimely, or (3) the Jail improperly dispensing it.

The only allegations in the Complaint against defendant Powers are that (1) he told plaintiff things would get better *after* plaintiff's Ketoacidosis incident and (2) he failed to attend to plaintiff's medical needs on May 15, and sent his wife to treat plaintiff instead.³ There are no allegations that defendant Powers was involved in the Ketoacidosis incident or any of the incidents of dangerously high blood pressure, with the exception of May 15. Because plaintiff has failed to allege that defendant Powers personally participated in these alleged deprivations, he has not stated a claim for relief arising from the incidents of dangerously high blood pressure or the May 13, 2009 Ketoacidosis. *Jenkins*, 81 F.3d at 994 (holding that to be liable under § 1983, the defendant must have directly and personally participated in the alleged constitutional deprivation).

Plaintiff has, however, alleged that defendant personally provided inadequate medical attention on May 15, 2009. The Eighth Amendment's prohibition on cruel and unusual punishment applies to such claims, *Estelle v. Gamble*, 429 U.S. 97, 104−106, (1976), but alleging an inadvertent failure to provide adequate medical care is not enough. *Hurd v. McBryde*, No. 09-CV-03222, 2010 WL 4180645, at *3 (D. Kan. Oct. 20, 2010). "Rather, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id*. (citing *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006)). The test for deliberate indifference has both an objective and a subjective component. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).

---

² Plaintiff also alleges that on May 14, 2009, the medical technician mixed a lethal combination of insulin, but he does not allege that the combination was given to him.
³ Plaintiff also alleges that defendant Powers told plaintiff "that because of [plaintiff's] complaints of medical problems with [the] facility, the defendant contacted the Honorable Court to have the plaintiff's sentence modified to remove him from the facility because the facility could not appropriately care for the plaintiff," which cost plaintiff money for home confinement. (Doc. 9, at 4.) Plaintiff does not explain who "the defendant" is that contacted the court or how this was a violation of his constitutional rights. Thus, this allegation does not state a claim against defendant Powers.

To meet the objective component of the test, the harm suffered must be "sufficiently serious." *Id*. (citations omitted). To satisfy the subjective component, the prisoner must show that the prison official knew of and disregarded an excessive risk to the prisoner's health. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and he must draw the inference. *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Where, as here, the prisoner's Eighth Amendment claim is premised on an alleged delay in medical care, he must "'show that the delay resulted in substantial harm.'" *Id*. (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)). Substantial harm may include the ultimate physical injury caused by the prisoner's illness, such as a lifelong handicap or permanent loss, or an immediate injury such as substantial pain while awaiting medical care. *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006), *abrogated on other grounds by Robbins*, 519 F.3d at 1246−47; *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).

Plaintiff has not alleged substantial harm—severe pain or physical injury—associated with the May 15 incident. Simply being ill from lack of insulin is not enough to allege substantial harm.[4] *See, e.g., Carter v. Glanz*, No. 10-CV-754-GKF-PJC, 2010 WL 5175078, at * 5 (N.D. Okla. Dec. 3, 2010) ("To the extent Plaintiff complains that he has not received prompt medical care for back pain and high blood pressure, the complaint fails to state a claim because Plaintiff has not alleged that he suffered harm as a result of the delay in treatment."). Accordingly, plaintiff's claim against defendant Powers must be dismissed.

---

[4] To the extent plaintiff alleges the Ketoacidosis incident was substantial harm, plaintiff has not alleged defendant Powers participated or had any role in the incident.

Because plaintiff has failed to allege facts to show that he suffered a deprivation of his constitutional rights, the court need not address whether he has alleged that defendant Powers was acting under color of state law.

**IT IS THEREFORE ORDERED** that Defendant Greg Powers' Motion To Dismiss Plaintiff's Section 1983 Claim (Doc. 66) is granted. Defendant Greg Powers is dismissed from this lawsuit. The only claim that remains is plaintiff's ADA claim against defendant Terry McClure, in his official capacity as administrator of Cowley County Department of Corrections.

Dated this <u>18th</u> day of February 2011, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**