IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL D. RIX,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-1224-CM |
| ) | |
| **CAPTAIN TERRY McCLURE, in his** ) | |
| **official capacity as Administrator of the** ) | |
| **Cowley County Department of Corrections,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff Michael D. Rix, *pro se*, was incarcerated at the Cowley County Jail from May 11, 2009, until May 19, 2009. He asserts a claim under Title II of the Americans with Disabilities Act ("ADA") arising from allegations that he was housed in a medical isolation cell rather than in general population because he needed leg braces and a cane. He alleges that as a result of his placement in a medical isolation cell he was denied the treatment that all other inmates are entitled to – "[e]xercise, showers, day-room and personal association with other[s]/human contact." (Doc. 9 at 4.) Defendant moves for summary judgment and argues that plaintiff lacks evidence for an essential element of his ADA claim (Doc. 95). After reviewing the briefs, evidence, and applicable law, the court agrees with defendant. Accordingly, the court grants defendant's motion and enters summary judgment in defendant's favor.

**I.    Background**

On May 11, 2009, plaintiff—a diabetic—was booked into the Cowley County Jail for a mandatory 90-day sentence due to habitual driving charges. At the time of his incarceration, plaintiff required the use of leg braces and a cane to walk. Plaintiff was placed in a medical isolation cell

-1-

during his confinement rather than in general population.  On May 19, 2009, plaintiff was released from the Cowley County Jail and subsequently filed this lawsuit.

> **II.       Legal Standards**

Summary judgment is appropriate when the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In applying this standard, the court views all evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *Id.* at 670–71.  A movant that does not bear the ultimate burden of persuasion at trial may satisfy this burden by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.  *Id.* at 671 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671 (internal citations and quotations omitted).  A nonmoving party cannot satisfy this burden by relying on conclusory and unsupported allegations.  *Anderson*, 477 U.S. at 256.

Plaintiff appears *pro se* in this case, which requires the court to be cognizant of additional factors.  *See Auld v. Value Place Prop. Mgmt. LLC*, No. 09-1139-EFM, 2010 U.S. Dist. LEXIS 14907, at * 5 (D. Kan. Feb. 19, 2010).  The Tenth Circuit instructs that a *pro se* litigant's pleadings "are to be

construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). It is not the district court's responsibility, however, to act as an advocate for the *pro se* litigant. *Id.* The court should not formulate arguments for the plaintiff if the plaintiff does not mention those theories or claims. *Id.*

### III.     Analysis

Title II of the ADA applies to prisons and provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *Penn. Dept. of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). To establish a violation of Title II of the ADA, plaintiff must show: (1) that he is a qualified individual with a disability, (2) that he was excluded from participation in or denied the benefits of defendant's services, programs, or activities, and (3) that such exclusion, denial of benefits, or discrimination was by reason of a disability. *See Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007) (listing elements).

Defendant argues that it is entitled to summary judgment because plaintiff lacks evidence for the final element of his ADA claim. Even assuming, without deciding, that plaintiff can establish the first element of his claim, the court agrees with defendant. Plaintiff was not placed in a medical isolation cell, which in turn resulted in restricting plaintiff's access to certain activities, by reason of his disability.[1] Rather, the evidence before the court indicates that defendant placed him in a medical isolation cell because of security concerns. Specifically, an affidavit submitted by Sheriff Don Read explains that leg braces and a cane "present a security hazard to other inmates, as well as staff, as they may be used as weapons" and that "the order of the facility is threatened if the items are introduced

---

[1]     Plaintiff does not allege that he was treated differently than other inmates in medical isolation cells.

into the general population." (Doc. 96-1 at 2.) Sheriff Read also explains that plaintiff was placed in a medical isolation cell to preserve institutional order. (*Id.* at 3.) In fact, plaintiff even concedes that he "was placed in a medical isolation cell because his need for leg braces and a cane . . . could threaten institutional order if he was housed with other inmates." (Doc. 96 at 4; Doc. 98 at 3.)

Plaintiff offers no evidence suggesting that defendant's conduct in placing him in a medical isolation cell was motivated by discriminatory animus. Instead, the undisputed evidence suggests that plaintiff's confinement was motivated by security concerns. To the extent plaintiff is arguing that defendant's security concerns are not valid, the court rejects these arguments.[2] Prison officials may restrict a prisoner's constitutionally and legally protected freedoms for legitimate penological reasons such as safety and security. *Procunier v. Martinez*, 416 U.S. 396, 407–11 (1974); *Turner v. Safley*, 482 U.S. 78, 89–90 (1987). Defendant's concern that plaintiff could use his cane as a weapon is legitimate and non-discriminatory. And plaintiff's placement in a medical isolation cell is a rational response to this security concern. Courts generally defer to prison officials in matters regarding practices that are needed to preserve internal discipline and institutional security. *See Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (explaining that courts are "particularly 'ill equipped'" to deal with problems of prisons and, therefore, generally "defer[] to the judgments of prison officials"). Defendant's security concerns about plaintiff's leg braces and cane was a legitimate, non-discriminatory reason to place plaintiff in a medical isolation cell.

This case is similar to *Baze v. Huddleston*, No. 5:10-CV-00086-R, 2012 U.S. Dist. LEXIS 4825 (W.D. Ky Jan. 17, 2012). In *Baze*, the plaintiff—a death row inmate—alleged that the defendants violated the ADA by not allowing the plaintiff to use his crutches outside of his cell. The

---

[2] Plaintiff also makes several arguments regarding the Fourteenth Amendment and the Rehabilitation Act. These claims are not currently in this lawsuit, and plaintiff cannot inject new theories in response to a summary judgment brief. *See D'Souza-Klamath v. Cloud Cnty. Health Ctr., Inc.*, No. 07-4031-KGS, 2009 U.S. Dist. LEXIS 27881, at *62 (D. Kan. Mar. 31, 2009) (explaining that the plaintiff "is prohibited from attempting to articulate a new theory at this juncture in order to avoid summary judgment").

defendants responded that this restriction was necessary because the crutches could be used as a weapon against the guards or other prisoners.  The district court granted summary judgment in the defendants' favor because the defendants' security concerns appeared legitimate and non-discriminatory and because the plaintiff had no evidence that the restriction was because of his disability.  For similar reasons, defendant is entitled to summary judgment in this case.  Accordingly, the court grants defendant's motion and enters summary judgment on plaintiff's ADA claim in defendant's favor.  Because summary judgment is appropriate on this basis, the court does not consider defendant's remaining arguments.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 95) is granted.

Dated at this 6th day of April, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge